# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

Agnita Cheah, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

Pepperidge Farm, Incorporated

    Defendant.

Case No. 2:22- cv-03633-JS-JMW

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

**TABLE OF CONTENTS**

Page(s)

I. **INTRODUCTION** ................................................................................................ 1

II. **FACTUAL & PROCEDURAL BACKGROUND** ........................................... 2

III. **LEGAL STANDARD** ...................................................................................... 2

IV. **ARGUMENT** .................................................................................................... 4

    A. Plaintiff Has Not Plausibly Alleged Consumer Deception. ............................... 4

    B. Plaintiff Lacks Standing. .................................................................................... 8

    C. Plaintiff's Tag-Along Claims Do Not State a Claim. ......................................... 9

        1. Plaintiff's Breach of Express Warranty Claim Fails. ..................................... 9

        2. Plaintiff's Breach of Implied Warranty Claim Fails. ................................... 10

        3. Plaintiff's Fraud Claim Fails. ........................................................................ 11

        4. Plaintiff's Unjust Enrichment Claim Fails. ................................................... 11

V. **CONCLUSION** ................................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ............................................................................................................2, 3

*Axon v. Citrus World, Inc.*,
 354 F. Supp. 3d 170 (E.D.N.Y. 2018) .................................................................................9

*Barreto v. Westbrae Nat., Inc.*,
 518 F. Supp. 3d 805 (S.D.N.Y. 2021) ...............................................................3, 9, 10, 12

*Bowring v. Sapporo U.S.A. Inc.*,
 234 F. Supp. 3d 386 (E.D.N.Y. 2017) ...............................................................................12

*Brumfield v. Trader Joe's Co.*,
 2018 WL 4168956 (S.D.N.Y. Aug. 30, 2018) ...................................................................10

*Campaniello Imps. Ltd. v. Saporiti Italia S.p.A.*,
 117 F.3d 655 (2d Cir. 1997) ...............................................................................................11

*Caronia v. Philip Morris USA, Inc.*,
 715 F.3d 417 (2d Cir. 2013) ...............................................................................................10

*Cheslow v. Ghirardelli Chocolate Co.*,
 445 F.Supp.3d 19 (N.D. Cal. 2020) .....................................................................................7

*Chiappetta v. Kellogg Sales Co.*,
 2022 WL 602505 (N.D. Ill. Mar. 1, 2022) ...........................................................................7

*Chufen Chen v. Dunkin' Brands, Inc.*,
 954 F.3d 492 (2d Cir. 2020) .................................................................................................6

*Cosgrove v. Or. Chai, Inc.*,
 520 F. Supp. 3d 586 (S.D.N.Y. 2021) ................................................................................11

*Davis v. Hain Celestial Grp., Inc.*,
 297 F. Supp. 3d 327 (2018) .................................................................................................5

*Dwyer v. Allbirds, Inc.*,
 2022 WL 1136799 (S.D.N.Y. Apr. 18, 2022) ......................................................................8

*Ebin v. Kangadis Food Inc.*,
 2013 WL 6504547 (S.D.N.Y. Dec. 11, 2013) ...................................................................10

*Fink v. Time Warner Cable*,
  714 F.3d 739 (2d Cir. 2013) ........................................................................................... 3

*Fink v. Time Warner Cable*,
  810 F. Supp. 2d 633 (S.D.N.Y. 2011) ............................................................................ 8

*Fitzgerald v. Polar Corp.*,
  2020 WL 6586628 (D. Mass. Nov. 10, 2020) ................................................................ 3

*Floyd v. Pepperidge Farm, Inc.*,
  581 F. Supp. 3d 1101 (S.D. Ill. 2022) ............................................................................ 7

*Goldemberg v. Johnson & Johnson Consumer Co., Inc.*,
  8 F. Supp. 3d 467 (S.D.N.Y. 2014) ........................................................................... 9, 10

*Jessani v. Monini N. Am., Inc.*,
  744 F. App'x 18 (2d Cir. 2018) ...................................................................................... 4

*Kamara v. Pepperidge Farm, Incorporated*,
  570 F. Supp. 3d 69 (S.D.N.Y. 2021) ............................................................................... 7

*Koch v. Acker, Merrall & Condit Co.*,
  18 N.Y.3d 940 (2012) .................................................................................................... 3

*Mantikas v. Kellogg Co.*,
  910 F.3d 633 (2d Cir. 2018) ....................................................................................... 3, 4

*Melendez v. ONE Brands, LLC*,
  2020 WL 1283793 (E.D.N.Y. Mar. 16, 2020) ................................................................ 5

*Orlander v. Staples, Inc.*,
  802 F.3d 289 (2d Cir. 2015) ....................................................................................... 3, 9

*Prescott v. Nestlé USA, Inc.*,
  2020 WL 3035798 (N.D. Cal. June 4, 2020) ................................................................. 4

*Randolph v. Mondelēz Glob. LLC*,
  2022 WL 953301 (S.D.N.Y. Mar. 30, 2022) .................................................................. 6

*Reyes v. Crystal Farms Refrigerated Distrib. Co.*,
  2019 WL 3409883 (E.D.N.Y. July 26, 2019) ........................................................... 5, 11

*Rivas v. Hershey Co.*,
  2020 WL 4287272 (E.D.N.Y. July 27, 2020) ................................................................. 5

*Sarr v. BEF Foods, Inc.*,
  2020 WL 729883 (E.D.N.Y. Feb. 13, 2020) ............................................................... 4, 7

*Schwartzco Enters. LLC v. TMH Mgmt., LLC*,
 60 F. Supp. 3d 331 (E.D.N.Y. 2014) ...................................................................................11

*Shields v. Citytrust Bancorp, Inc.*,
 25 F.3d 1124 (2d Cir. 1994)..................................................................................................11

*Sibrian v. Cento Fine Foods, Inc.*,
 2020 WL 3618953 (E.D.N.Y. July 2, 2020) ........................................................................6, 7

*Small v. Lorillard Tobacco Co.*,
 94 N.Y. 2d 43 (1999) ...............................................................................................................8

*Steele v. Wegmans Food Mkts., Inc.*,
 472 F. Supp. 3d 47 (S.D.N.Y. 2020).......................................................................................5

*Time Warner Cable, Inc. v. DIRECTV, Inc.*,
 497 F.3d 144 (2d Cir. 2007)....................................................................................................8

*Weinstein v. eBay, Inc.*,
 819 F. Supp. 2d 219 (S.D.N.Y. 2011).....................................................................................3

*Weisblum v. Prophase Labs, Inc.*,
 88 F. Supp. 3d 283 (S.D.N.Y. 2015).....................................................................................11

*Winston v. Hershey Co.*,
 2020 WL 8025385 (E.D.N.Y. Oct. 26, 2020) .........................................................................5

*Wynn v. Topco Associates, LLC*,
 2021 WL 168541 (S.D.N.Y. Jan. 19, 2021) .........................................................................10

**Statutes**

Federal Rule of Civil Procedure 9(b)............................................................................................11

Federal Rule of Civil Procedure 12(b)(6) ......................................................................................2

General Business Law § 349.......................................................................................................3, 8

General Business Law § 350.......................................................................................................3, 8

N.Y. UCC § 2-313(1)(a) .................................................................................................................9

N.Y. UCC § 2-314(2)(c) ...............................................................................................................10

I.      **INTRODUCTION**

Defendant Pepperidge Farm, Incorporated ("Pepperidge Farm") manufactures wheat crackers under the brand name "Harvest Wheat." The product name and front-of-pack image of



the cracker tell consumers what type of cracker is in the box—a wheat cracker—to allow them to distinguish it from the many other types of crackers on grocery store shelves. The product name says nothing about "whole grains" and makes no representations about what type of wheat flour is used in the crackers, much less that the crackers contain more whole wheat flour than enriched wheat flour.

Nevertheless, plaintiff Agnita Cheah alleges she was deceived because she purportedly (unreasonably) thought that "Harvest Wheat" crackers would be comprised predominantly of *whole* wheat flour and not *enriched* wheat flour. Plaintiff's theory of deception, however, fails at the gate because there are demonstrably no false statements anywhere on the package regarding the type of wheat flour in the crackers. Instead, plaintiff's entire theory of deception is based on her own idiosyncratic and unsupported subjective assumptions about the meaning of the words "harvest" and "wheat." Moreover, if a reasonable consumer actually cared about whether the product was made predominantly with whole wheat flour (as plaintiff alleges she did), the ingredient list—the location on a product label that consumers know to consult for precisely this information—instantly and affirmatively dispels any alleged ambiguity because it accurately lists

1

enriched wheat flour as the first (most predominant) ingredient, and whole wheat flour as the fifth.

For similar reasons, plaintiff's ancillary tag-along claims should be dismissed alongside her GBL claims, and as explained more fully below, the complaint must be dismissed.

## II. FACTUAL & PROCEDURAL BACKGROUND

Pepperidge Farm manufactures and markets Harvest Wheat crackers. Compl. ¶ 1. The name "Harvest Wheat" helps consumers to identify the product as a wheat cracker. The label also includes an ingredient list, which discloses all ingredients contained in the product:

> **MADE FROM:** ENRICHED WHEAT FLOUR (FLOUR, NIACIN, REDUCED IRON, THIAMINE MONONITRATE, RIBOFLAVIN, FOLIC ACID), VEGETABLE OILS (CANOLA, SUNFLOWER AND/OR SOYBEAN), BROWN SUGAR (SUGAR, INVERT SUGAR, MOLASSES), DEFATTED WHEAT GERM, WHOLE WHEAT FLOUR, SUGAR, CONTAINS 2% OR LESS OF: SALT, HONEY, OAT FIBER, MALTED BARLEY FLOUR, BAKING SODA, SOY LECITHIN, MONOCALCIUM PHOSPHATE, NONFAT MILK.

Compl. ¶ 50. The ingredient list clearly identifies that "Harvest Wheat" crackers contain (1) enriched wheat flour as the first and most predominant ingredient, and (2) whole wheat flour as the fifth most predominant ingredient. *Id*. Moreover, the Nutrition Facts on the product label discloses that the crackers contain "<1g" dietary fiber per serving. *Id.* at ¶ 49.

## III. LEGAL STANDARD

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility" only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Evaluating a motion to

2

dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the well-pleaded facts do not permit the court "to infer more than the mere possibility of misconduct," the complaint fails to show "that the pleader is entitled to relief." *Id*. (citation omitted).

To state a claim for violation of General Business Law §§ 349 and 350, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (citing *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (2012)). To satisfy the second element, "the challenged act must be 'inherently deceptive.'" *Barreto*, 518 F. Supp. 3d at 805 (citation omitted). Moreover, under the second element, "a plaintiff must plausibly allege that the deceptive conduct was 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018) (quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) (per curiam)). Indeed, consumer protection statutes such as the GBL "depend[] on the likely reaction of a reasonable consumer rather than an ignoramus." *Fitzgerald v. Polar Corp.*, 2020 WL 6586628, at *5 (D. Mass. Nov. 10, 2020) (dismissing complaint that soft drinks "made from real ginger" label suggested health benefits); *Weinstein v. eBay, Inc.*, 819 F. Supp. 2d 219, 228 (S.D.N.Y. 2011) (a "reasonable consumer" test is not a standard based on the "least sophisticated consumer."). The Court may determine—on the pleadings and as a matter of law—that a product's label would not have misled a reasonable consumer. *Fink*, 714 F.3d at 741.

## IV. ARGUMENT

### A. Plaintiff Has Not Plausibly Alleged Consumer Deception.

The complaint does not identify any allegedly false statements on the packaging. That should be no surprise given that there are no representations about "whole grains" or the relative predominance of whole wheat flour anywhere on the product label. Instead, plaintiff's false advertising claims are based solely the words "Harvest Wheat" and her subjective interpretation that those words must mean "made exclusively from whole wheat flour and not enriched wheat flour." But that can't constitute a viable consumer deception theory. Pepperidge Farm cannot be liable for false advertising based on plaintiff's unreasonable and mistaken beliefs about the product, absent some false or misleading statement. Rather, plaintiff is required to demonstrate that Pepperidge Farm engaged in false advertising that deceived reasonable consumers, which, in turn, requires that "plaintiffs must do more than plausibly allege that a 'label might conceivably be misunderstood by some few consumers.'" *Sarr v. BEF Foods, Inc.*, 2020 WL 729883, at *3 (E.D.N.Y. Feb. 13, 2020) (quoting *Jessani v. Monini N. Am., Inc.*, 744 F. App'x 18, 19 (2d Cir. 2018)). Plaintiff's theory of deception fails to plausibly allege a claim for at least four reasons.

***First, the complaint is devoid of any factual allegations that Pepperidge Farm makes any statements or representations anywhere on the label that "Harvest Wheat" crackers are made exclusively or predominantly of whole wheat.*** The label does not include the words "whole grains," nor are there any representations anywhere on the packaging about the amount of whole wheat flour in the crackers. Without an allegation that Pepperidge Farm expressly or impliedly represented that Harvest Wheat crackers are made predominantly with whole wheat flour, it cannot face liability for false advertising on that basis. *See Mantikas*, 910 F.3d at 636 (label must be evaluated in context); *Prescott v. Nestlé USA, Inc.*, 2020 WL 3035798, at *3 2020

4

WL 3035798 (N.D. Cal. June 4, 2020) (plaintiffs' allegations insufficient where white chip product label did not state that it contains white chocolate or even use the word "chocolate"); *Winston v. Hershey Co.*, 2020 WL 8025385, at *4 (E.D.N.Y. Oct. 26, 2020) (implausible that a reasonable consumer would be misled into thinking the product contains white chocolate; "Erecting a towering obstacle to the plausibility of plaintiff's claim, the packaging includes no reference whatsoever to the word 'chocolate.'"); *Rivas v. Hershey Co.*, 2020 WL 4287272, at *5 (E.D.N.Y. July 27, 2020).

In addition, any possible ambiguity or consumer confusion about the relative predominance of whole wheat flour in the product is clarified by review of an ingredient list that accurately and truthfully discloses the content of Harvest Wheat crackers. As plaintiff acknowledges, the ingredients list displays enriched wheat flour as the first most predominant ingredient, and whole wheat flour as the fifth most predominant ingredient. Compl. ¶ 50. *Davis*, 297 F. Supp. 3d at 337 (no consumer deception that vegetables featured on front of juice bottle label were predominant ingredients, when ingredient list, "in exactly the spot consumers are trained to look," listed other ingredients first); *Steele v. Wegmans Food Mkts., Inc.*, 472 F. Supp. 3d 47, 50 (S.D.N.Y. 2020) ("Those interested in the actual ingredients can read the list") (no reasonable consumer would be deceived by "vanilla ice cream" label into thinking that ice cream's vanilla flavor derives entirely from vanilla beans); *Reyes v. Crystal Farms Refrigerated Distrib. Co.*, 2019 WL 3409883, at *3 (E.D.N.Y. July 26, 2019); *Melendez v. ONE Brands, LLC*, 2020 WL 1283793, at *6 (E.D.N.Y. Mar. 16, 2020).

***Second, the use of the words "harvest" and "wheat" in the product name are not deceptive.*** "Harvest" is "the season for gathering in agricultural crops," and "wheat" is "a cereal

grain."[1] Neither of these words (together or standing alone) says anything about whole grains or the crackers' relative content of whole grains, and there is no basis to allege a consumer would understand the name in this way. Plaintiff's claim that the phrase "harvest wheat" causes consumers to expect a product with mostly whole grains—because "harvest" is understood as the process of gathering crops but leaving them unprocessed—is nonsensical. Compl. ¶¶ 38-41. There is no factual basis to conclude that reasonable consumers would make this logical leap. And why would they—all flour comes from crops that are at some point harvested, and there is no question that "Harvest Wheat" crackers are made with flour that came from wheat that was harvested. Plaintiff's fanciful contention that the word "harvest" would lead a consumer to believe that the product was made of "less processed" whole wheat flour is without a factual basis and is entitled to zero credit on a motion to dismiss. *See Sibrian v. Cento Fine Foods, Inc.*, 2020 WL 3618953, at *4 (E.D.N.Y. July 2, 2020) (Seybert, J.) ("Plaintiff's reliance on his own conclusory statement . . . does not amount to a plausibly alleged fact").[2] Accordingly, plaintiff's deception theory centered on the phrase "harvest wheat" is implausible, and must be dismissed. *See Randolph v. Mondelēz Glob. LLC*, 2022 WL 953301, at *5 (S.D.N.Y. Mar. 30, 2022) (in dismissing case alleging that "Stoned Wheat Thins" deceptively conveyed that stone-ground whole wheat is the most predominant ingredient in the crackers, court looked in part to definitions of "stoned" to conclude that "stoned wheat" is not the same as "stoneground wheat"

---

[1] *See* https://www.merriam-webster.com/dictionary/harvest; https://www.merriam-webster.com/dictionary/wheat. The Court can take judicial notice of dictionary definitions when deciding a motion to dismiss. *See also Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 501 (2d Cir. 2020) (consulting dictionary definition of "steak").

[2] Plaintiff also claims that a consumer advocacy group, CSPI, noted that terms like "harvest grain" are misleading to consumers, who suspect the term to mean a predominant amount of whole grains. Compl. ¶ 42. While the self-serving view of one consumer advocacy group is not evidence of consumer deception, it is notable that the label here does not say "harvest grains."

and "stoned wheat" is not "whole wheat"); *see also Kamara v. Pepperidge Farm, Incorporated*, 570 F. Supp. 3d 69, 78-79 (S.D.N.Y. 2021) (dismissing consumer deception complaint based on plaintiff's unsupported inference from product name "Golden Butter" crackers); *Floyd v. Pepperidge Farm, Inc.*, 581 F. Supp. 3d 1101, 1109 (S.D. Ill. 2022) ("The crackers were a golden color; therefore, the use of the word "golden" is descriptive and not false, misleading or fraudulent."); *Sarr v. BEF Foods, Inc.*, 2020 WL 729883, at *4-5 (E.D.N.Y. Feb. 13, 2020) ("real . . . butter" claim on front package "not likely to mislead a reasonable consumer" where product contained butter and also other fats such as soybean and canola oil).

***Third, the image of an actual "Harvest Wheat" cracker on the product label is not deceptive.*** Plaintiff also contends that the actual image of the cracker is deceptive because the crackers are brown and contain "specks of what appear to be grains and are displayed on a stone sla[b] with freshly picked produce and cheese." Compl. ¶¶ 2, 48, 53. Plaintiff does not allege, however, that the image is false or does not accurately portray the actual product. Again, plaintiff's unsubstantiated and generalized assertion that consumers believe that because a cracker is brown in color or has darker flecks of brown in it that must mean that the cracker is made predominantly of whole wheat flour is implausible. Indeed, the challenged image of the Harvest Wheat cracker proves exactly the opposite, because the cracker is not predominantly made from whole wheat flour. *See Cheslow*, 445 F. Supp. 3d at 19 ("it is not reasonable to conclude from an image of a cookie with chips a specific message about the quality of those chips. This is the difference between concluding on the one hand, that the product contains chips and on the other hand, that the chips contain chocolate."); *Sibrian*, 2020 WL 3618953, at *4; *see also Chiappetta v. Kellogg Sales Co.*, 2022 WL 602505, at *4–5 (N.D. Ill. Mar. 1, 2022) (image of strawberry flavored Pop-Tart oozing red filling "does not state or suggest anything about the

7

amount of strawberries in the Product's filling or guarantee that the filling contains only strawberries").

***Fourth, the name "Harvest Wheat" does not give rise to a viable deception claim because it does not depend upon an objective, verifiable standard***. Here, the term "Harvest Wheat" is a textbook example of a subjective statement, and not a factual, objectively verifiable phrase. *See Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 160 (2d Cir. 2007) ("puffery . . . is a[] . . . statement upon which no reasonable buyer would be justified in relying.") (quotation omitted); *accord Fink v. Time Warner Cable*, 810 F. Supp. 2d 633, 644 (S.D.N.Y. 2011) ("Puffery includes generalized or exaggerated statements which a reasonable consumer would not interpret as a factual claim upon which he could rely."); *Dwyer v. Allbirds, Inc.*, 2022 WL 1136799, at *8 (S.D.N.Y. Apr. 18, 2022) (phrase "The Good Life" in statement "Our Sheep Live The Good Life" and depictions of happy sheep deemed to be puffery). "Harvest Wheat" makes no specific claim; it is not a type of wheat or a description of the product's ingredients. Instead, "Harvest Wheat" is a fanciful name for a wheat cracker. Consumers understand the fact that all wheat used to make crackers is harvested at some point, and beyond that, the phrase is subjective, non-specific, and vague, and no reasonable consumer could rely upon it as making a factual claim about the type of wheat flour used in a product.

For all of these reasons, plaintiff fails to plausibly allege consumer deception, and the Court should dismiss her claims on this basis alone.

## B. <u>Plaintiff Lacks Standing.</u>

To state a claim pursuant to GBL §§ 349 and 350, plaintiff must demonstrate that a deceptive act in fact caused her actual injury. *See Small v. Lorillard Tobacco Co.*, 94 N.Y. 2d 43, 55-56 (1999). This means that a plaintiff "must allege that, on account of a materially misleading

practice, she purchased a product and did not receive the full value of her purchase." *Orlander v. Staples, Inc.*, 802 F.3d 289, 302 (2d Cir. 2015). Here, plaintiff purchased wheat crackers and she received wheat crackers. Because the crackers do not display any representation that they contain "whole grains" or even "grains," plaintiff could not have been actually injured by any allegedly deceptive act by Pepperidge Farm, and she received exactly what she purchased.

### C. Plaintiff's Tag-Along Claims Do Not State a Claim.

Plaintiff's tag-along claims for breach of express warranty, breach of implied warranty of merchantability, and unjust enrichment are all based on the same defective theory of deception as her false advertising claim and should also be dismissed.[3] *See Barreto*, 518 F. Supp. 3d at 806 ("Because the Court has already determined that [plaintiff] has failed to allege that the product's labeling would be likely to deceive or mislead a reasonable consumer, these causes of action[] are also dismissed for the reasons already stated."); *Axon v. Citrus World, Inc.*, 354 F. Supp. 3d 170, 184–85 (E.D.N.Y. 2018), *aff'd*, 813 F. App'x 701, 706 (2d Cir. 2020).

In addition, these claims are also defective for other independent reasons, each of which warrant dismissal at this stage.

#### 1. Plaintiff's Breach of Express Warranty Claim Fails.

Plaintiff fails to plausibly allege a breach of express warranty under New York law. An express warranty is created by "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain." N.Y. U.C.C. § 2-313(1)(a); *Goldemberg v. Johnson & Johnson Consumer Co., Inc.*, 8 F. Supp. 3d 467, 482 (S.D.N.Y. 2014). "Harvest Wheat" is not an affirmation of fact or promise regarding the product,

---

[3] While the complaint also brought claims for injunctive relief, violation of the Magnuson Moss Warranty Act, and negligent misrepresentation, plaintiff has abandoned those claims. Ltr., No. 2:22-cv-03633-JS-JMW, at ECF No. 11 at n.1.

and thus does not create an express warranty. Moreover, to allege a breach of express warranty, plaintiff must plead "(1) the existence of a material statement amounting to a warranty, (2) the buyer's reliance on this warranty as a basis for the contract with the immediate seller, (3) breach of the warranty, and (4) injury to the buyer caused by the breach." *Wynn v. Topco Associates, LLC*, 2021 WL 168541, at *7 (S.D.N.Y. Jan. 19, 2021) (quoting and citing *Goldemberg*, 8 F. Supp. 3d at 482). "But because . . . Plaintiff[] ha[s] failed to plausibly allege that Defendant's product does not comport with the statements contained on the label this claim fails." *Id.*

### 2. Plaintiff's Breach of Implied Warranty Claim Fails.

Plaintiff fails to plausibly allege a breach of implied warranty of merchantability because she does not contend that the product is "unfit to be consumed." *See Brumfield v. Trader Joe's Co.*, 2018 WL 4168956, at *3–4 (S.D.N.Y. Aug. 30, 2018). This is a requirement for such allegations against food products, as a breach of this implied warranty occurs only when a product is unfit "for the ordinary purposes for which such goods are used." UCC § 2-314(2)(c). New York law demands only a "minimal level of quality," so that the goods are "fit for the ordinary purposes." *Caronia v. Philip Morris USA, Inc.*, 715 F.3d 417, 433-34 (2d Cir. 2013) (quotation marks and citation omitted). Because plaintiff does not suggest that the product is "unfit for . . . human consumption"—merely that (as disclosed on the label) it does not contain more whole grains than refined grains—the complaint fails to state claim for breach of implied warranty of merchantability under New York law. *Barreto*, 518 F. Supp. 3d at 806-807. Moreover, to allege a breach of the implied warranty of merchantability under New York law also "requires . . . privity between the manufacturer and the plaintiff," which plaintiff does not allege. *Ebin v. Kangadis Food Inc.*, 2013 WL 6504547, at *6 (S.D.N.Y. Dec. 11, 2013);

*Cosgrove*, 520 F. Supp. 3d at 586; Compl. ¶ 77 ("Plaintiff bought the Product . . . at stores including Target . . .").

### 3. Plaintiff's Fraud Claim Fails.

Under Federal Rule of Civil Procedure 9(b), fraud claims "must be pled with particularity." *Schwartzco Enters. LLC v. TMH Mgmt., LLC*, 60 F. Supp. 3d 331, 344 (E.D.N.Y. 2014); Fed. R. Civ. P. 9(b). To satisfy this requirement, the complaint must allege facts that "give rise to a strong inference of fraudulent intent." *Campaniello Imps. Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 663 (2d Cir. 1997). Here, plaintiff has alleged no specific facts that Pepperidge Farm "had both motive and opportunity to commit fraud" or facts that "constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Here, plaintiff's allegations of fraud do not come close to this heightened pleading standard. *See* Compl. ¶ 147- 150 (paragraphs alleging fraud claim). These allegations are vague and include no supporting facts—let alone facts that give rise to a strong inference of fraudulent intent. Indeed, plaintiff's own allegations undermine her fraud theory—Pepperidge Farm could not have represented that the product had more whole grains than it did when the product's nutrition facts panel, including its ingredients list, fully disclosed the presence of enriched wheat flour relative to whole wheat flour and the amount of fiber in the product. Plaintiff's fraud claim should be dismissed.

### 4. Plaintiff's Unjust Enrichment Claim Fails.

Plaintiff's unjust enrichment claim is merely duplicative of her GBL claims. *See* Compl. ¶ 151 (sole paragraph alleging unjust enrichment claim in conclusory fashion). Because it adds nothing to this case, the unjust enrichment claim should be dismissed. *See Reyes v. Crystal Farms Refrigerated Distrib. Co.*, 2019 WL 3409883, at *5 (E.D.N.Y. July 26, 2019); *Weisblum*

*v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 296-97 (S.D.N.Y. 2015); *Bowring v. Sapporo U.S.A. Inc.*, 234 F. Supp. 3d 386, 392 (E.D.N.Y. 2017); *Barreto*, 518 F. Supp. 3d at 808-809.

## V. <u>CONCLUSION</u>

For the reasons above, the complaint should be dismissed with prejudice.

Dated: January 3, 2023                    Respectfully submitted,

<u>*/s/ Dale J. Giali*</u>
Dale J. Giali
Keri E. Borders
KING & SPALDING LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
Tel: (213) 443-4329
Email: dgiali@kslaw.com
             kborders@kslaw.com

# CERTIFICATE OF SERVICE

The undersigned certifies that on January 3, 2023, the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS was electronically filed with the Clerk of the Court using the CM/ECF system and thereby served on the following counsel:

Spencer Sheehan
Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 412
Great Neck, NY 11021-3104
*spencer@spencersheehan.com*
*Counsel for Plaintiff*

Dated: January 3, 2023

*/s/ Dale J. Giali*